IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOWARD MICHAEL, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:16-cv-02010 |
| CENLAR FSB, | ) TRIAL BY JURY DEMANDED |
| Defendant. | ) |

## COMPLAINT

For his Complaint against Defendant Cenlar FSB ("Defendant"), Plaintiff Howard Michael ("Plaintiff") alleges as follows:

## SUBSTANCE OF ACTION

1. This is a breach of contract action resulting from Defendant's impermissible conveyance of the rights of a contract between Plaintiff and Defendant.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the parties are citizens of different states.

3. This Court has personal jurisdiction over Defendants because, on information and belief, Defendant transacts business in this State, has committed tortious acts in this state, derives substantial revenue or engages in a persistent course of conduct in the State and has committed a tortious act outside the State causing injury in the State, and/or has

otherwise established contacts within this State making the exercise of personal jurisdiction proper.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this judicial district pursuant to 28 U.S.C. § 1391(c).

**THE PARTIES**

5. Plaintiff Howard Michael is an individual residing at 2180 Second Street, Northbrook, Illinois.

6. On information and belief, Defendant Cenlar FSB is a New Jersey Corporation with a principal place of business at 425 Phillips Blvd, Ewing, New Jersey, 08618.

**FACTS**

7. On February 27, 2015, Plaintiff entered into a contract with Stonegate Mortgage Corporation ("Stonegate") for a loan and mortgage on Plaintiff's principal place of residence.

8. Under the terms of the contract, Stonegate had no right to convey its rights under the contract with Plaintiff to a third party without the authorization from Plaintiff. (Exhibit A).

9. On March 17, 2015, Stonegate advised Plaintiff that Stonegate transferred its rights under the contract to Defendant, without the authorization or consent of Plaintiff.

10. On June 22, 2015, Plaintiff and Stonegate entered into an agreement that, among other things, granted Stonegate Plaintiff's consent for Stonegate to transfer its rights under the contract to Defendant.

11. On July 25, 2015, Defendant advised Plaintiff that it transferred its rights under the contract to "Christiana Trust, a division of Wilmington Savings Fund Society, FSB, as trustee of the WinWater Mortgage Loan Trust 2015-4 ("Christiana Trust")," without authorization or consent from Plaintiff. (Exhibit B).

12. On August 18, 2015, Plaintiff advised Defendant that its transfer of rights to the contract to the Christiana Trust is invalid. (Exhibit C).

## FIRST CAUSE OF ACTION
**(Breach of Contract)**

13. Plaintiff incorporates by reference allegations 1 – 12 as if fully set forth at length.

14. Defendant's conveyance of its rights to the contract with Plaintiff was made without the authorization or consent of Plaintiff. Defendant's actions constitute a breach of contract with Plaintiff, and Plaintiff has suffered damage as a result.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against the Defendant as follows:

1. For a permanent injunction that Defendant, its agents, servants, representatives, attorneys, partners, successors, predecessors, assigns, and all persons acting for, with, by, through, or under it, and each of them, directly or indirectly:

    a. Be restrained and enjoined from selling, transferring, licensing, assigning, or in any way conveying any rights to the contract to Christiana Trust or any other party;

2. For a permanent injunction declaring invalid the transfer of the rights to the contract from Defendant to the Christiana Trust;

3. For disgorgement of all gains, profits, and advantages derived by Defendant from its acts in violation of law;

4. For punitive damages;

5. For all costs and expenses;

6. For prejudgment interest at the maximum legal rate; and

7. For such other and further relief as the Court may deem proper.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

                                                            Respectfully Submitted,

Dated: February 7, 2016                             /s/ Howard S. Michael
                                                            Howard S. Michael (Atty. No. 6256396)
                                                            2180 2nd Street
                                                            Northbrook, IL 60062

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

V.         ASSIGNED JUDGE:

DESIGNATED
MAGISTRATE JUDGE:

TO: (Name and address of Defendant)

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is herewith served upon you, _____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

AO 440 (Rev. 05/00) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |
| *Check one box below to indicate appropriate method of service* | |

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____  _____
              Date                     *Signature of Server*

_____
*Address of Server*

_____
(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.