IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| HOWARD S MICHAEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 16 C 2010 |
| | ) | |
| CENLAR FSB, | ) | Judge Virginia M. Kendall |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Michael believes that is was improper for his previous mortgage company to transfer its servicing rights to a new company that he personally did not choose. Specifically, Stonegate originally held Michael's mortgage and Stonegate transferred its servicing rights in the mortgage to Defendant Cenlar FSB. Stonegate disputed whether it gave Michael proper notice of that transfer and so it later, entered into a settlement agreement with Michael and paid him $3690 to end the dispute amicably without ever admitting liability. Cenlar then transferred its rights to Christiana Trust. In the one-count Complaint, Michael alleges that Cenlar breached the terms of the mortgage because it never received his consent to transfer the servicing of the loan. Cenlar filed a motion to dismiss the Complaint under Rules 12(b)(1) and 12(b)(6) and a motion to strike a written declaration submitted by Michael in response to the motion to dismiss. For the reasons below, the Court denies Cenlar's motion to strike. (Dkt. No. 23.) The Court also grants Cenlar's motion to dismiss the Complaint under 12(b)(1) with prejudice. (Dkt. No. 11.)

1

**BACKGROUND**

On February 27, 2015, Michael entered into a mortgage with Stonegate for his residence. (Dkt. No. 2 at ¶7.) Under the mortgage, Stonegate could not transfer its right to a third party without Michael's authorization. *Id*. ¶8. On March 17, 2015, Stonegate transferred its rights to the mortgage Cenlar without Michael's consent. *Id*. at ¶9. In an undated letter to Michael, Stonegate indicated that "an initial disclosure was inadvertently not delivered" to him and attached the service disclosure statement. *Id*. at Ex. A. The letter stated that it "does not change the terms of your loan" or "who is presently servicing your loan[.]" *Id.* The service disclosure statement attached to the letter dated April 3, 2015 and reported that Stonegate "may assign, sell, or transfer the servicing of [Michael's] loan while the loan is outstanding." *Id*. On June 22, 2015, Michael and Stonegate entered into a settlement agreement in which Michael consented to Stonegate transferring its rights to mortgage to Cenlar. *Id*. at ¶10. Cenlar advised Michael on July 25, 2015 that it had transferred its rights to Christiana Trust. *Id*. at ¶11; Ex. B. Michael did not consent to this transfer. *Id.* at ¶11.

**LEGAL STANDARD**

Rule 12(b)(1) allows dismissal for "lack of subject-matter jurisdiction" of claims asserted in a complaint. In analyzing a motion under Rule 12(b)(1), this Court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Evers v. Astrue*, 536 F.3d 651, 656 (7th Cir. 2008) (quoting *Long v. Shorebank Dev. Corp*., 182 F.3d 548, 554 (7th Cir. 1999)). When a party raises the issue of subject matter jurisdiction, the Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* at 656-57.

Rule 12(b)(6) motion challenges the sufficiency of the complaint. To survive dismissal under Rule 12(b)(6), a complaint must provide enough factual information to "state a claim to relief that is plausible on its face." *Defender Sec. Co. v. First Mercury Ins. Co.*, 803 F.3d 327, 334 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a 12(b)(6) motion, the Court draws all reasonable inferences and construes all facts in the light most favorable to the nonmoving party. *See Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014).

## DISCUSSION

### I. Motion to Strike

In his response to Cenlar's motion to dismiss, Michael attached his own written declaration which repeated some allegations in his complaint and contained new factual allegations, a truth-in-lending disclosure statement, and correspondence between him and Stonegate. Cenlar then moved to strike these attachments and arguments in Michael's response that rely on the attachments under Rule 12(d) on the grounds that they are duplicative and contain impermissible allegations that are outside the pleadings.

Rule 12(f) permits the court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." District courts have considerable discretion to strike allegations under Rule 12(f). *Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). "Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992). When ruling on a

12(b)(6), "a court may only consider the plaintiff's complaint[.]" *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013). But Rule 12(c) establishes that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." This rule applies to certain attachments to motions to dismiss as "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (quoting *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002)). "A plaintiff, however, has much more flexibility in opposing a Rule 12(b)(6) motion" in terms of providing additional materials to the Court. *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). The plaintiff "may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove." *Id.*; *see also Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004) (denying motion to strike because materials provided by plaintiff were "not for evidentiary, but rather for illustrative purposes—that is, not to establish the truth of their contents, but to show that there might be a set of facts consistent with his allegations in the complaint").

The documents attached to Michael's response to the motion to dismiss include a declaration from Michael explaining the transfers of the mortgage and his communications with Cenlar, disclosure statements from Stonegate to Michael, Michael's loan information for the mortgage, and correspondence between Michael and Stonegate and Michael and Cenlar. The Court denies Cenlar's motion to strike the materials with respect to the Rule 12(b)(6) motion because they are illustrative in demonstrating what Michael intends to prove. *See id.* But as discussed *infra*, the Court lacks subject matter jurisdiction over the Complaint and therefore does not address the sufficiency of the Complaint under 12(b)(6). The Court denies Cenlar's motion to strike the documents attached to Michael's response for the purpose of the Rule 12(b)(1)

motion because the Court can consider any evidence that has been submitted in a factual challenge to subject matter jurisdiction. *See Evers*, 536 F.3d at 656–57.

## II. Subject Matter Jurisdiction under Rule 12(b)(1)

Cenlar moves to dismiss the Complaint under Rules 12(b)(1) and 12(b)(6). Because 12(b)(1) challenges the jurisdiction of the Court, this argument must be addressed first as dismissal under this rule renders other arguments moot. *See Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998) ("It is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action."). Cenlar's 12(b)(1) argument contends that the Court lacks subject matter jurisdiction because the settlement agreement that Michael alleges Cenlar breached is for $3,690, which fails to meet the amount in controversy requirement of $75,000 or greater.[1] Cenlar points out that "[n]owhere in the complaint does Michael allege any dollar amount of damages he experienced as a result of Cenlar's allege breach of the settlement agreement" from which the Court could determine the amount in controversy. Moreover, Michael does not establish that the injunctive relief and punitive damages he seeks would satisfy the amount in controversy requirement according to Cenlar. In response, Michael argues that the materials attached to his response establish that the amount in controversy exceeds $75,000.

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the parties are of diverse citizenship. 28 U.S.C. § 1332(a). "In all cases, the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012). "When the jurisdictional threshold is uncontested, we

---

[1] The Complaint alleges that Cenlar breached "the contract," which appears to refer to the mortgage and not the settlement agreement.

generally 'will accept the plaintiff's good faith allegation of the amount in controversy unless it appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" *McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009) (quoting *Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1218 (7th Cir. 1995)). But when the defendant contests whether the minimum amount in controversy is satisfied, the plaintiff must support its assertion with "competent proof." *Id.* In the latter scenario, the plaintiff must prove the jurisdictional facts by a preponderance of the evidence by doing more than "point[ing] to the theoretical availability of certain categories of damages." *Id.*

Considering that Cenlar challenges whether the amount in controversy requirement has been met, Michael must establish with competent proof that it exceeds $75,000 by a preponderance of the evidence. *See id.* The Complaint alleges that the amount in controversy is greater than $75,000 but the allegations in the Complaint and the additional materials submitted by Michael do not "point to the theoretical availability of certain categories of damages." *Id.* The lone count in the Complaint is for breach of contract for which Michael seeks as relief a permanent injunction, disgorgement of all profits made from the alleged breach, and punitive damages. "In a suit for injunctive relief, 'the amount in controversy is measured by the value of the object of the litigation.'" *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). The value is either "what the plaintiff stands to gain, or what it would cost the defendant to meet the plaintiff's demand." *Id.* at 799-800. As for injunctive relief, the Complaint requests that Cenlar "[b]e restrained and enjoined from selling, transferring, licensing, assigning, or in any way conveying any rights to the contract to Christiana Trust or any other party" as well as a declaration that Cenlar's transfer of its rights to Christiana Trust was invalid. Looking at all the

allegations before the Court which the Court may properly take into account on a 12(b)(1) motion, *see Evers*, 536 F.3d at 656–57, there is nothing which suggests how much Michael would gain and Cenlar would lose as a result of the requested injunctive relief. *See Macken*, 333 F.3d at 799-800. Similarly, for the disgorgement remedy, Michael failed to provide any evidence of the amount of Cenlar's gains or profits and thus fails to establish that the amount in controversy for this relief would exceed $75,000 by a preponderance of the evidence. *See McMillian*, 567 F.3d at 844.

Lastly, even taking into account potential punitive damages, Michael still fails to meet the over $75,000 threshold. "[W]here punitive damages are relied upon to satisfy the amount in controversy requirement, the court must first determine whether punitive damages are recoverable under state law" and "[i]f punitive damages are available, subject matter jurisdiction exists unless it is 'legally certain' that the plaintiff will be unable to recover the requisite jurisdictional amount." *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 551 (7th Cir. 2008). Generally, punitive damages are not recoverable in Illinois for a breach of contract claim unless the conduct causing the breach constitutes an independent tort. *See Valfer v. Evanston Northwestern Healthcare*, 52 N.E.3d 319, 328 n.4 (Ill. 2016). There is no evidence in the Complaint or any of the additional materials provided to the Court that Cenlar committed a tort in allegedly breaching the contract. Thus, under state law Michael cannot collect punitive amounts in order to satisfy the amount in controversy requirement. *See LM Ins. Corp.*, 533 F.3d at 551. Accordingly, the Court grants Cenlar's motion to dismiss the Complaint under 12(b)(1) for lack of subject matter jurisdiction.

Because the Court finds that Plaintiff has failed to allege proper diversity jurisdiction by failing to meet the amount in controversy, the Court need not explore the issue of whether there

7

is an actual case and controversy -- which would be another hurdle for Michael. Simply looking

at the mortgage agreement, it clearly states that servicing may be transferred. There does not

appear to be a breach and there has been no loss alleged from that alleged breach in that the new

company has abided by the servicing of the loan and Michael has failed to allege any form of

loss from that transfer. But, the Court will leave that for another judge to review on another day.

## CONCLUSION

For the reasons explained above, the Court denies Cenlar's motion to strike. (Dkt. No.

23.) The Court grants Cenlar's motion to dismiss the Complaint under 12(b)(1) with prejudice.

(Dkt. No. 11.)


_____

Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date:  8/17/2016